UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **AUTOMATA PRODUCTIONS, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**GENNADIY TRUS**,<br><br>    Defendant. | Case No.: 3:15-cv-00726-MO<br><br><br>OPINION AND ORDER |

MOSMAN, J.,

Plaintiff Automata Productions Inc. ("Automata") filed this action against a Doe defendant for copyright infringement under the Copyright Act. On April 21, 2016, I entered a default judgment [45]. Automata now seeks attorney fees in the amount of $7,706.40 and costs in the amount of $880.40. For the reasons stated below, I GRANT Automata's Motion for Attorney Fees and Costs [49, 48].

## Legal Standard

The Copyright Act provides for an award of costs and reasonable attorney's fees to a prevailing party in an action for copyright infringement. 17 U.S.C. § 505 (2014). Awarding fees under this provision is a matter of the court's discretion, but it is to be applied in an evenhanded

1- OPINION AND ORDER

manner, *i.e.*, "[p]revailing plaintiffs and prevailing defendants are to be treated alike . . . ." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

In determining whether fees should be awarded, the court should consider the following factors, which are non-exclusive: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 535 n. 19 (quoting *Lieb v. Topstone Instustries, Inc.*, 768 F.2d 151, 156 (3d Cir. 1986)). The Ninth Circuit also considers the degree of success obtained in determining both whether attorney fees are recoverable and, if so, the amount of such fees. *Wall Data Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 787 (9th Cir. 2007).

In determining what amount is "reasonable," courts first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must then decide whether to enhance or reduce the figure by evaluating the factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that were not already considered in calculation of the lodestar figure. The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors that are applicable must be addressed. *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069 (9th Cir. 1983).

2- OPINION AND ORDER

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010). The district court has "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada County*, 195 F.3d 524, 526-7 (9th Cir. 1999).

## Discussion

### I. Entitlement to Attorney Fees

In my default judgment, I found Defendant was willfully infringing on Automata's exclusive rights under the Copyright Act and, if not enjoined from future infringing activity, would continue to cause it harm. I awarded statutory damages and injunctive relief. Automata was successful in obtaining the results sought. The action was not frivolous, was motivated by Automata's desire to protect its copyright interests, and reasonably sought to recover compensation for, and deter future, copyright infringement. The relevant factors justify an award of attorney fees in this case.

### II. Reasonable Hourly Rate

A reasonable hourly rate is determined by looking to the "prevailing market rates in the relevant community" as well as the skill, experience, and reputation of the lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The party requesting the fees "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). The best evidence of the prevailing rate in Oregon is the periodic Economic Survey conducted by the Oregon State Bar. *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002).

Carl Crowell, Automata's legal counsel, seeks $312 per hour for time spent on this case. Mr. Crowell has been a practicing attorney since 1998, and is admitted to practice before numerous courts, as well as the United States Patent and Trademark Office as a patent attorney. The Oregon State Bar 2012 Economic Survey reveals the average hourly rate billed by attorneys in private practice in Portland, Oregon, is $284, while the average for attorneys practicing in the Upper Willamette Valley, which includes Salem, Oregon, is $218. A Portland attorney with thirteen to fifteen years of experience bills at an average of $312 per hour. An Upper Willamette Valley attorney with similar experience bills at an average of $247 per hour. A Portland attorney specializing in business or corporate litigation bills at an average of $311 per hour. There is no statistical model for Upper Willamette Valley attorneys specializing in similar litigation.

Crowell has unique expertise in the area of copyright infringement and litigated this action in Portland, Oregon. Accordingly, the court finds the hourly billing rate of $312 requested for Crowell's services is reasonable in light of his experience and the billing rates of comparable attorneys in the Portland area. This finding is consistent with previous cases involving Mr. Crowell in this District. *See Voltage Pictures, LLC v. Smith*, No. 6:14-cv-01193-AA, Order dated February 18, 2015; *Voltage Pictures, LLC v. Lange*, No. 6:14-cv-01224-AC, Default Judgment dated March 4, 2015; *Dallas Buyers Club, LLC v. Ivanshentsev*, No. 3:15-cv-00220-AC, Order dated March 5, 2016.

### III. Hours Reasonably Expended

The party seeking the award of fees must submit evidence to support the number of hours worked. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Fee petitions that include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied, or apportioned accordingly. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011); *Dry Creek Landfill, Inc. v. Waste Solutions Group, Inc.*, No. CV-04-

4- OPINION AND ORDER

3029-ST, 2007 WL 710214, at *5 (D. Or. Mar. 6, 2007). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen*, 214 F.3d at 1045 (citation omitted). Reasonable time spent in preparing a fee petition is generally recoverable. *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995).

Mr. Crowell represents he has spent 24.7 hours on this matter. Much of the time in this case was spent identifying the proper defendant. The subscriber to the Internet service used by the defendant was initially non-responsive to Plaintiff's attempts at communication and requests for voluntary assistance necessitating the filing of a Motion for Leave to Issue an FRCP 45 Subpoena. The subscriber was eventually properly served and did appear for her scheduled deposition. Additional time was spent preparing pleadings, including the Complaint, Amended Complaint, Summons, multiple Motions for Extension of Time and Reports to the Court, Notice of Default, the Motion for Entry of Default, and Motion for Default Judgment. I find that Mr. Crowell's 24.7 hours spent on this matter are reasonable.

### IV. Bill of Costs

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P 54(d)(1) (2014). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

The United States Code identifies six categories of recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2014).

    Plaintiff seeks reimbursement for the initial filing fee of $400; a fee of $70 paid to Comcast for subpoenaed records in accordance with the Court's Order; a $55 service fee of the FRCP 45 subpoena; a $63 service fee of the First Amended Complaint, Summons, and Case Assignment Order; $190.40 court reporter and deposition transcript fee; and $102 subscriber mileage and appearance fee. All of these costs are reasonable and recoverable.

## Conclusion

    For the foregoing reasons, I GRANT Automata's Motion for Attorney Fees and Costs [49, 48] and award attorney fees in the amount of $7,706.40 and costs in the amount of $880.40.

    Dated this __7th__ day of June, 2016.

                                        /s/ Michael W. Mosman
                                        Chief United States District Judge
                                        Michael W. Mosman